UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, | ) C/A No. 3:12-52-TMC-JRM |
| Plaintiff, | ) |
| v. | ) |
| United States of America, | ) REPORT AND RECOMMENDATION |
| Defendant. | ) |

Paul Leslie Cox ("Plaintiff"), *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Lieber Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Procedural Background

Plaintiff has filed three prior cases in this Court, which have been deemed "strikes" pursuant to 28 U.S.C. § 1915(g). *See Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-3501-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro*, Civil Action No. 3:97-2177-06BC (D.S.C.); *Paul Leslie Cox v. Geraldine P. Miro, et al.*, Civil Action No. 3:97-1941-06BC (D.S.C.). However, the Fourth Circuit Court of Appeals has now clarified that dismissal of a case, without prejudice, for failure to state a claim upon which relief may be granted does not count as a "strike" under § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009). While none of the "strikes" issued against Plaintiff in 1997 were expressly based on failure to state a claim, all of those cases were dismissed without prejudice. Therefore, the undersigned concludes that the three strikes rule should not be used as a basis for summary dismissal of this Complaint.

Discussion

Plaintiff is bringing suit against the federal government. As such, his constitutional claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310 n. 8 (M.D. Ala. 2001)("[T]he court shall refer interchangeably to cases decided under both § 1983 and *Bivens*.").

As indicated above, a *Bivens* claim for monetary damages is available only against government officers in their individual capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484-87 (1994). In the present case, Plaintiff fails to name any governmental official individually responsible for the alleged violation of Plaintiff's constitutional rights. Further, the United States has sovereign immunity except where it consents to suit, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), and the United States has not waived sovereign immunity in a *Bivens* suit for monetary damages. *Radin v. United States*, 699 F.2d 681, 684-85 (4th Cir. 1983); *Van Schaick v. United States*, 586 F. Supp. 1023, 1029 (D.S.C. 1983)(collecting cases). Thus, Plaintiff's claim for monetary damages against the United States of America is subject to summary dismissal.

Plaintiff also seeks injunctive relief in this case from the "frivolous three strike law." ECF No. 1, pages 3, 5. The three strikes rule, codified at 28 U.S.C. § 1915(g), was enacted to bar

prisoners, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. *See Tolbert v. Stevenson*, 635 F.3d 646, 653 (4th Cir. 2011)(the Prison Litigation Reform Act "was enacted to control the volume of prisoner lawsuits overburdening the resources of the federal courts"). Plaintiff argues that application of the three strikes rule to a prisoner incarcerated prior to the law's enactment violates the *Ex Post Facto* Clause of the United States Constitution. ECF No. 1, page 3. The *Ex Post Facto* Clause "prohibits the application of laws that retroactively 'increase the punishment for criminal acts.'" *United States v. Rooks*, 596 F.3d 204, 213 n. 10 (4th Cir. 2010)(citing *United States v. O'Neal*, 180 F.3d 115, 121 (4th Cir. 1999)); *see also* U.S. Const. art. 1, § 9, cl. 3. In this case, Plaintiff provides no facts to demonstrate that the three strikes rule was retroactively applied to any of his civil actions filed in federal court prior to the law's enactment. In addition, the enactment of the three strikes rule in no way increases Plaintiff's punishment for his current conviction. As such, Plaintiff's *ex post facto* argument is without merit and this case is subject to summary dismissal.

## Recommendation

Accordingly, the undersigned recommends that the Complaint in the above-captioned case be dismissed *without* prejudice.

March 27, 2012  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

***Plaintiff's attention is directed to the important Notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).